UNITED STATES COURT OF APPEALS

**Filed 3/6/96**

TENTH CIRCUIT

ANDREW L. ROBINSON, )
)
    Plaintiff-Appellant, )
) No. 95-1330
v. ) (D.C. No. 95-Z-241)
) (D. Colo.)
MIKE KEEN, Correctional Alternative )
Placement Services; CORRECTIONAL )
ALTERNATIVE PLACEMENT SERVICES, )
 INC., )
)
    Defendants-Appellees. )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Andrew L. Robinson, a state prisoner, brought this pro se action under 42 U.S.C. § 1983 against the Colorado Correctional Alternative Placement Services (CAPS) and its director, Mike Keen. Mr. Robinson was incarcerated in a halfway house under the CAPS program for a period of approximately six months. He alleges that his constitutional rights were violated when CAPS released copies of his personal, criminal, and medical records to a private individual without Mr. Robinson's knowledge or permission. The copies were allegedly widely disseminated.

The district court dismissed Mr. Robinson's complaint upon concluding that his claims of constitutional violations and of resulting harm were vague and conclusory. The court also concluded that Mr. Robinson failed to allege any facts tending to show Mr. Keen's personal participation in the alleged unconstitutional conduct.

To state a claim against a supervisor such as Mr. Keen, Mr. Robinson must allege that Mr. Keen either personally directed the acts complained of or acquiesced in, authorized, or approved of them. See Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992), cert. denied, 113 S. Ct. 3038 (1993). Mr. Robinson asserts only that Mr. Keen must have been personally involved because the records could not have been released without his approval. However, anyone with access to Mr. Robinson's records could have surreptitiously copied and released them without Mr. Keen's knowledge or acquiescence. Accordingly, Mr. Robinson has failed to adequately state a claim against Mr. Keen.

Mr. Robinson has likewise failed to state a claim against CAPS. A governmental entity may be liable only for action taken by authorized policy makers. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986). Mr. Robinson's claim against CAPS is grounded on his claim against Mr. Keen, which we have held to be inadequate. The claim against CAPS therefore fails as well.[1]

**AFFIRMED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1]Mr. Robinson's request for production of documents is denied. An appellate court is required to decide the case on the record created in the court below. The time for requesting production of documents was when the case resided in the district court.